Johnson, J.
delivered the opinion of the Court.
The acts of the Legislature, regulating the fees of the office of sheriff, have not provided, in express terms, any compensation for the services rendered by him in this case: It was a duty not within the general scope of his powers, and was, therefore, probably overlooked both in the fee-bill, and the act imposing it on him. Partition properly belonged to the Court of Chancery; and in regulating the fees of the Master or Commissioner of that Court, the Legislature have allowed 2½ per cent, on the first £100, and 1 per cent, for all sums above, on all sales made under a decree of the Court. 1 Brev. Dig. 350.* And it appears to me, that in transferring concurrent jurisdiction over this subject to the Courts of Law, it is a fair inference, that it was intended to intitle the sheriff, whose duty it is to sell under the order of the Courts of Law, to the same perquisites as the Commissioner or Master; and if we were to determine the question upon a quantum meruit, the law has thus ascertained it.
Thus stands the law: But two and a half per cent, is claimed for the defendant on the whole amount of sales, on the ground, that it is the usage to allow this charge on sales made by the Masters and Commissioners of the Court of Chancery.
I am not prepared to concede that any usage, however inveterate, could countervail an unquestioned and positive enactment of the Legislature; but in any view of it, it cannot operate here: I know that there are very many excellent and worthy men, who fill the offices of clerks of the Courts of Law, and commissioners in Chanceiy, whose duty it is to ascertain and allow the perquisites of the officers of the Courts, and who, in doing justice to the community, do honor to themselves; but it cannot be disguised, indeed, it is notorious to every one, in any degree acquainted with the manner in which these matters are conducted, that the commu *72 nity is subjected, through this means, to the most disgraceful and ,, ,, , , , , , petty peculation ; and that so tar from pursuing the law which was intended for the government of all, and which appears to me t0 expressed in terms so plain and explicit, as not to be misconceived, that it is rather a rare thing, to see two offices governed by the same rule in the manner or amount of taxing costs. Each has its own rule, and instances have fallen within my own observation, which would justify the conclusion, that the amount was rather measured by the disposition of the party to be charged, to submit to wrong, than by any rule. No usage can sanction such a wrong.
Irby, for the motion.
Wardlaw, contra.
These remarks are not intended to apply, and do not, perhaps, apply directly to the case under consideration. As far as appears to the Court, the sheriff, in this case, may have honestly believed himself intitled to the charge made; but he has not shown the law which allows it.
It was said in the argument, that the responsibility of the sheriff in being obliged to take security for the purchase money, and his trouble in collecting and paying over, gave him a claim to these fees. The law is itself a sufficient answer; but I think, moreover, that his responsibility is over-rated. He is not obliged to take security which is questionable, and if he takes that which is ostensibly good, he is not liable. The receipt and payment over of the money, constitutes no part of his official duty. All that the law requires of him, is to obey the order directing the sale, and to return to the Court, his proceedings thereon, and there his official functions end.
The motion to make the rule absolute, is therefore granted, unless the sheriff, on notice of this order, pay over to the parties all sums in his hands, received on account of the sales, deducting therefrom two and a half per cent, on £100, and one per cent, on the remaining amount of the said sales.
Rule absolute.

 Reduced by the Act of 1827, to 2 per cent, where the sales do not exceed $500, and to 1 per cent, where they exceed that sum. Acts of 1837, p. 57.